PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:14CR078 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JOHN MARTINEZ, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | **ON SENTENCING** |

In 2001, a federal grand jury indicted Defendant for five drug offenses. *See United States v. Martinez*, No. 4:01CR0275-010 (ND Ohio filed June 27, 2001). He pleaded guilty to conspiracy to possess with intent to distribute cocaine and was sentenced to 46 months of incarceration with 3 years of supervised release to follow.[1] In 2007, Defendant's three-year term of supervision was terminated early in response to a letter in which he described himself as "a [law- abiding] citizen." ECF No. 212 in No. 4:01CR0275 at PageID #: 75.

Approximately seven years after his federal supervision ended, a federal grand jury indicted Defendant in the above-entitled action for six drug offenses resulting from Defendant's repeated selling of heroin to an undercover informant, and a search of his home that revealed $22,562.00 in U.S. currency and approximately 105.3 grams of heroin and 88.3 grams of powder

---

[1] The remaining charges were dismissed.

(4:14CR078)

cocaine packaged for sale. Defendant admitted his guilt as to each charge brought against him. *See* Transcript (ECF No. 15). Count 6 carries a mandatory minimum of five (5) years or 60 months.

The 18 U.S.C. § 3553(a) factors strongly encourage an above-guidelines sentence, notwithstanding the mandatory minimum.[2] This conclusion is soundly supported when the nature and circumstances of Defendant's most recent drug offenses are considered along with his history and characteristics, including his prior conviction for a similar federal drug offense. An upward variance of 10 months as to each count reflects the seriousness of Defendant's offenses; is meant to encourage greater respect for the law; and provide just punishment while deterring further recidivism, protecting the public and allowing Defendant the time needed to further his education and improve his overall condition.[3]

The Court's upward variance comports with governing precedent in the Sixth Circuit. In *U.S. v. Smith*, 505 F.3d 463, 468-470 (6th Cir. 2007), the Sixth Circuit determined that "[t]he district court . . . reviewed the Guidelines but determined that the appropriate sentence called for an upward variance from the Guidelines . . . we conclude defendant's outside-the-Guidelines sentence of 132-months incarceration is proportionate to the offense and the offender." Having reviewed the defendant's prior convictions, the threat to public safety and the need to protect the

---

[2] "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider of the purposes of imposing an appropriate sentence." 18 U.S.C. § 3661.

[3] Defendant does not have a high school diploma or GED.

2

(4:14CR078)

public from him, the district court in *Smith* imposed a sentence that varied upwards from the Guidelines. The Court does the same here. *See also* U.S. v. Morgan, 572 Fed.Appx. 292, 301 (6th Cir. 2014) (determining that the mandatory minimum set forth in a statute did "not represent the maximum sentences authorized under the provision," noting that statutes, at times, leave "'open the ceiling'" of sentence while providing for a minimum or "floor." *Id.* at 300) (citations omitted)).[4]

Long before Defendant committed the offenses for which he is now being sentenced, he was diagnosed with multiple sclerosis. There is no indication in the record that his illness is a basis for departure or an impediment to the variance imposed.

For the above reasons, as well as those spoken on the record, the Court imposes a sentence equal to 70 months of incarceration to be followed by four (4) years of supervised release. More specifically, Defendant is to serve 60 months of incarceration as to Counts 1-5 and 70 months as to Count 6.[5] All terms are to be served concurrently. Furthermore, Defendant is to

---

[4] *See also* Alleyne v. United States, 133 S.Ct. 2151, 2160 (2013):
"The fact that criminal statutes have long specified both the floor and ceiling of sentence ranges is evidence that both define the legally prescribed penalty. . . [T]his historical practice allowed those who violated the law to know, ex ante, the contours of the penalty that the legislature affixed to the crime—and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling." When there is no such ceiling, judges may exercise their broad sentencing discretion, informed by judicial fact-finding and subject to abuse-of-discretion review for reasonableness. *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Booker*, 543 U.S. 220, 261 (2005).

[5] Defendant's advisory guidelines calculation was not objected to and suggested 41-51 months for Counts 1-5.

(4:14CR078)

serve three (3) years of supervised release as to Counts 1-5 and four (4) years as to Count 6. All terms are to be served concurrently.

      IT IS SO ORDERED.

| | |
|---|---|
| December 18, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |